IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique G. Bracamonte,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | No. CIV-10-164-TUC-JMR (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On March 15, 2010, Enrique G. Bracamonte, an inmate confined at the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. He filed an amended petition on April 23, 2010. (Amended petition.) Bracamonte claims (1) counsel failed to give him adequate advice on the wisdom of accepting the government's plea offer, (2) trial counsel failed to subject the case to "meaningful adversarial testing," and (3) counsel failed to provide effective assistance at trial due to a personal family emergency. *Id.*

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus. Bracamonte's claims were not properly exhausted and are now procedurally defaulted.

Summary of the Case

Bracamonte was convicted after a jury trial of "aggravated assault with a deadly weapon, endangerment, and burglary in the first degree." (Respondents' answer, Exhibit A.) On June 27, 2007, the trial court imposed concurrent sentences of 7.5, 3, and 10.5 years' imprisonment respectively. (Respondents' answer, Exhibits A, B.)

Bracamonte filed a timely notice of appeal, but his counsel was unable to find any meritorious issues to raise and filed a so-called *Anders* brief. (Respondents' answer, p. 3.); *see Anders v. California*, 386 U.S. 738 (1967). The appellate court gave Bracamonte an opportunity to file a supplemental brief pro se, but he failed to do so. *Id*. The court reviewed the record for fundamental error, affirmed the convictions and sentences, and corrected a clerical error in the sentencing minute entry. (Respondents' answer, Exhibit A.)

Before the court of appeals issued its ruling, Bracamonte filed a notice triggering the post-conviction relief process pursuant to Ariz.R.Crim.P 32 et seq. (Respondents' answer, p. 3.) His counsel was unable to find any meritorious issues, so the trial court gave Bracamonte until September 15, 2008, to file a petition pro se. *Id*. When he failed to file a timely petition, the trial court dismissed the proceeding on November 13, 2008. *Id*.

On November 26, 2008, Bracamonte filed his second notice of post-conviction relief. *Id*. When Bracamonte failed to file a timely petition, the trial court dismissed the proceedings on March 18, 2009. *Id*.

On March 23, 2009, Bracamonte filed his first actual petition for post-conviction relief. *Id*. The trial court notified Bracamonte that it would consider only the issue of newly discovered evidence and granted him permission to amend the petition. (Respondents' answer, Exhibit S.) When Bracamonte failed to file a timely amended petition, the trial court dismissed the proceedings on June 17, 2009. (Respondents' answer, Exhibit T.) Bracamonte filed a petition for review arguing his tardiness should be excused because he is not learned in the law and his access to legal resources is restricted. *Id*. The court of appeals dismissed the petition as untimely on January 22, 2010. (Respondents' answer, p. 4.)

On March 15, 2010, Bracamonte filed in this court a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. He filed an amended petition on April 23, 2010. Bracamonte claims (1) trial counsel failed to give him adequate advice on the wisdom of accepting the government's plea offer, (2) trial counsel failed to subject the case to "meaningful adversarial testing," and (3) trial counsel failed to provide effective assistance at trial due to personal family emergency. *Id.*

The respondents filed an answer to the petition on October 6, 2010. They concede the petition is timely but argue the claims are procedurally defaulted. Bracamonte filed a reply on October 14, 2010.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal review is limited to those issues that have already been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

- 3 -

1  To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner must inform the state court of the claim's factual and legal basis and present the claim in a procedurally appropriate manner. *Picard*, 404 U.S. at 275-76; *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). The petitioner may make the federal basis of the claim explicit by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Discussion

The respondents argue Bracamonte's claims were not properly exhausted and are now procedurally defaulted. They are correct.

In his petition, Bracamonte claims his trial counsel provided ineffective assistance. He did not, however, raise this issue before the state court of appeals. The only filing he submitted to the court of appeals was his petition for review of the trial court's dismissal on June 17, 2009, of his notice of post-conviction relief for failing to timely file an amended petition. (Respondents' answer, Exhibit T.) In that petition for review, Bracamonte argued his tardiness should be excused because he is not learned in the law and his access to legal resources is restricted. *Id.* He did not discuss trial counsel's alleged ineffective assistance. *Id.* Accordingly, his petition did not properly exhaust the issue. Moreover, even if he had raised the issue in his petition, it would not have been properly exhausted because the court of appeals dismissed the petition as untimely.

Bracamonte asserts in his petition that his claims were exhausted in his direct appeal, but this is not the case. Bracamonte's counsel could not find any meritorious issues to raise on direct appeal and filed only an *Anders* brief. (Respondents' answer, Exhibit D.); *see Anders v. California*, 386 U.S. 738 (1967). Although invited to do so, Bracamonte failed to file a supplemental brief pro se. (Respondents' answer, Exhibit E.) Accordingly, Bracamonte's ineffective assistance of counsel claim was never raised on direct appeal. The appellate court's review of the record for fundamental error does not constitute proper exhaustion. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Moreover, Bracamonte cannot now return to state court and properly exhaust this issue because he is precluded from doing so by Ariz.R.Crim.P. 32.2(a)(3). *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *see also, Martinez v. Schriro*, __ F.3d__, 2010 WL 3733560, p. 10 (9th Cir. 2010) (Rule 32 is an adequate and independent basis for dismissal.). Accordingly, his issue is procedurally defaulted. *Id.* Bracamonte does not argue cause and prejudice or raise the miscarriage of justice exception. *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). His claims must be denied.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. [doc. #1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 22nd day of October, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge