IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Enrique Guadalupe Bracamonte,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | No. CIV-10-164-TUC-JMR (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is the petitioner's motion to appoint counsel filed on November 3, 2010. (Doc. 16)

On March 15, 2010, Enrique Guadalupe Bracamonte, an inmate confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. He filed an amended petition on April 23, 2010.

This matter was referred to Magistrate Judge Edmonds pursuant to the Rules of Practice of this court. *See* LRCiv 72.1(c). On October 22, 2010, the Magistrate Judge issued a report recommending that the District Court deny the petition because Bracamonte's claims are procedurally defaulted. Bracamonte filed a response in which he moves for appointment of counsel.

Because this motion was presented after the Magistrate Judge issued her report recommending the petition be denied, the Magistrate Judge will address the instant motion by filing a report and recommendation rather than an order.

Discussion

Indigent state prisoners applying for habeas corpus relief are entitled to appointed counsel only if counsel is necessary to prevent a due process violation or "the interests of justice so require." 18 U.S.C. § 3006A; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, *Lewis v. Chaney*, 481 U.S. 1023 (1987). Neither due process nor the interests of justice require the appointment of counsel at this time.

Prisoners have a due process right of access to the courts. This right, however, only guarantees prisoners the legal resources necessary to ensure their petition will reach the court for consideration. *See Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995), *cert. denied*, *Henry v. Caballero*, 518 U.S. 1033 (1996). Prisoners have no right "to litigate effectively once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Once the petition reaches the court, there is no due process right to counsel unless an evidentiary hearing is required. *Knaubert v. Goldsmith*, 791 F.2d 722, 728-29 (9th Cir.1986), *cert. denied*, 479 U.S. 867 (1986).

In this case, Bracamonte has successfully presented his petition to the court for consideration. An evidentiary hearing is not required at this time. Bracamonte, therefore, has no due process right to counsel.

In the alternative, counsel may be appointed "in the interests of justice" if the case is particularly complex or the petitioner is facing the death penalty. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

In this case, the issues before the court are not particularly complex, and Bracamonte is not facing the death penalty. Counsel therefore is not required "in the interests of justice." *See, e.g., Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (The court acted within its discretion when it declined to appoint counsel to a sixty-year-old petitioner who had no background in the law but thoroughly presented his issues.), *cert. denied*, 469 U.S. 838 (1984).

RECOMMENDATION:

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order

1    Denying the petitioner's motion to appoint counsel filed on November 3, 2010.  (Doc. 16)

     Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.

     The Clerk is directed to send a copy of this Report and Recommendation to the parties or their counsel.

     DATED this 22nd day of November, 2010.

     _____
     Glenda E. Edmonds
     United States Magistrate Judge

- 3 -