# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Enrique G. Bracamonte,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>　　　　Respondents. | No. CV 10-164-TUC-AWT<br><br>**ORDER** |

Pending before the Court is Petitioner Enrique G. Bracamonte's Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 5).

Petitioner was convicted of "aggravated assault with a deadly weapon, endangerment, and burglary in the first degree" after a jury trial in the Superior Court of Pima County, Arizona. (Resp'ts' Answer, Ex. A, Doc. 13.) On June 27, 2007, the trial court imposed concurrent 7.5-, 3-, and 10.5-year prison terms, respectively.

**I.　Petition for Writ of Habeas Corpus**

On March 15, 2010, while confined at the Arizona State Prison Complex in Florence, Arizona, Petitioner filed a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1). On April 23, 2010, he filed an Amended Petition (Doc. 5). Petitioner claims that: (1) trial counsel failed to give him adequate advice on the wisdom of accepting the government's plea offer, (2) trial counsel failed to subject the case to "meaningful

adversarial testing," and (3) trial counsel failed to provide effective assistance at trial due to personal family emergency. Respondents filed an Answer to the Petition on October 6, 2010 (Doc. 13). They concede the Petition is timely, but argue the claims are procedurally defaulted. Petitioner filed a Reply on October 14, 2010 (Doc.14).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Glenda E. Edmonds for a Report and Recommendation ("R&R"). On October 22, 2010, after a thorough and well-documented analysis, Magistrate Judge Edmonds issued a R&R to this Court (Doc. 15), recommending that the Petition for Writ of Habeas Corpus be denied because Petitioner's claims were not properly exhausted and are now procedurally defaulted. On November 3, 2010, Petitioner filed a "Response & Reply" (Doc. 16). Although Petitioner mentions "exhaustion of remedies" and "default," he does not make objections specific to the Magistrate Judge's findings and recommendations. Instead, Petitioner's arguments are confusing and vague, and appear to simply reiterate arguments made in his Amended Petition. In addition, the Response & Reply includes a motion for appointment of counsel.

After an independent review of the record and a de novo review of the portions of the R&R to which Petitioner appears to object pursuant to 28 U.S.C. § 636(b), the Court adopts the Magistrate Judge's R&R in whole. Petitioner's claims were not properly exhausted, are procedurally defaulted, and are now procedurally barred from review in this Court. The Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 5) must be denied, and this action is dismissed with prejudice.

## II.    Motion for Appointment of Counsel

On November 3, 2010, Petitioner filed a Response & Reply (Doc. 16) in which he moves for appointment of counsel. On November 22, 2010, Magistrate Judge Edmonds issued a R&R to this Court (Doc. 17), recommending that the Court deny Petitioner's motion for appointment of counsel. On November 30, 2010, Petitioner filed a "Response & Reply" (Doc. 18) to the Magistrate Judge's R&R. In his Response, Petitioner states that "[t]he issues are complex for the merits presented before the court," but does not make objections specific

to the R&R. After an independent review of the record and a de novo review of the portions of the R&R to which Petitioner appears to object pursuant to 28 U.S.C. § 636(b), the Court adopts the Magistrate Judge's R&R in whole. Neither due process nor the interests of justice require the appointment of counsel at this time. Furthermore, as explained above, Petitioner's Amended Petition for Writ of Habeas Corpus is denied. Accordingly, Petitioner's motion for appointment of counsel (Doc. 16) is denied.

### III. Petitioner's Motion for a New Trial

On March 21, 2011, Petitioner filed a Motion for a New Trial (Doc. 19) in which he requests that the Court grant him a new trial pursuant to Rule 24.1 of the Arizona Rules of Criminal Procedure. On March 25, 2011, Respondents filed a Motion to Strike Petitioner's Motion for a New Trial (Doc. 20). On June 23, 2011, Magistrate Judge Edmonds issued a R&R to this Court (Doc. 22), recommending that the Court deny Petitioner's Motion for a New Trial and deny Respondents' Motion to Strike. On June 28, 2011, Petitioner filed an "Objection to Magistrate's Judge's Recommendation and Report" (Doc. 23). In his Objection, Petitioner does not make specific objections to the R&R and does not address any of the Magistrate Judge's findings and recommendations. Instead, Petitioner merely repeats arguments made in previous filings.

When there are no objections to the R&R, the Court will modify or set aside only those portions that are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998). Here, the Magistrate Judge's findings and recommendations are not clearly erroneous or contrary to law, and therefore the Court adopts the R&R in whole.[1] This Court is without jurisdiction to grant a new trial under Rule 24.1

---

[1] The Court notes that in the Discussion section of the R&R, Magistrate Judge Edmonds cites Rule 23.1 and quotes from the Comments for Rule 32.1 of the Arizona Rules of Criminal Procedure. However, a review of Rules 23.1 and 32.1 reveals that Magistrate Judge Edmonds cites and quotes the Comments from Rule 24.1, the subject of Petitioner's Motion. In light of this typographical error, the Court adopts the R&R as if Magistrate Judge Edmonds had cited and quoted Rule 24.1.

- 3 -

of the Arizona Rules of Criminal Procedure. Because of this, Petitioner's Motion for a New Trial (Doc. 19) is denied. In addition, Petitioner's Motion is not an untimely response to the Magistrate Judge's R&R recommending that the Amended Petition be denied, as Respondents argue in their Motion to Strike, but rather an attempt to raise an entirely new issue (*i.e.* relief through Ariz.R.Crim.P. 24.1). Because of this, Respondents' Motion to Strike (Doc. 20) is denied.

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detentions arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a state court judgment. This Court must determine, therefore, if a certificate shall issue. The Court declines to issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining the requirements of § 2253(c)).

Accordingly,

**IT IS ORDERED**:

(1) The findings and recommendations made by Magistrate Judge Edmonds in her October 22, 2010 Report and Recommendation (Doc. 15) are **ADOPTED IN WHOLE**. The Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 5) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly and close this case.

(2) The findings and recommendations made by Magistrate Judge Edmonds in her November 22, 2010 Report and Recommendation (Doc. 17) are

**ADOPTED IN WHOLE**. Petitioner's motion for appointment of counsel (Doc. 16) is **DENIED**.

(3) The findings and recommendations made by Magistrate Judge Edmonds in her June 23, 2011 Report and Recommendation (Doc. 22) are **ADOPTED IN WHOLE**. Petitioner's Motion for a New Trial (Doc. 19) is **DENIED** and Respondents' Motion to Strike (Doc. 20) is **DENIED**.

(4) Petitioner is **DENIED** a certificate of appealability in this case.

DATED this 12th day of August, 2011.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation